UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

WILLIAM MCCLAIN,                      )    CASE NO. 4:06 CV 299
                                      )
         Plaintiff,                   )    JUDGE PETER C. ECONOMUS
                                      )
     v.                               )
                                      )    MEMORANDUM OF OPINION
MAHONING COUNTY SHERIFF'S             )    AND ORDER
     DEPARTMENT,                      )
                                      )
         Defendant.                   )


          On February 7, 2006, plaintiff <u>pro se</u> William McClain

filed the above-captioned action under 42 U.S.C. § 1983 against the

Mahoning County Sheriff's Department.  The complaint alleges that

plaintiff was formerly incarcerated at the Mahoning County Jail and

that, after his cell was searched, three pictures of his deceased

brothers were missing.  Plaintiff has not been able to recover the

pictures.  For the reasons stated below, this action is dismissed

pursuant to 28 U.S.C. § 1915A.

          A district court is expressly required to dismiss any

civil action filed by a prisoner seeking relief from a governmental

officer, as soon as possible after docketing, if the court

concludes that the complaint fails to state a claim upon which

relief may be granted, or if the plaintiff seeks monetary relief

from a defendant who is immune from such relief. 28 U.S.C. §1915A

It is well established that section 1983 will not support a claim based upon a theory of <u>respondeat superior</u> alone. <u>Polk County v. Dodson</u>, 454 U.S. 312, 325 (1981). Governmental entities may be deemed liable for the unconstitutional actions of their agents only when those actions are the result of official policies or customs. <u>Monell v. Dept. of Social Services</u>, 436 U.S. 658 (1978). <u>Monell</u> extends to patterns of misconduct in which the supervisor acquiesced. <u>Hays v. Jefferson County, Ky.</u>, 668 F.2d 869 (6th Cir. 1982). <u>See also</u>, <u>Bellamy v. Bradley</u>, 729 F.2d 416, 421 (6th Cir. 1984) (requiring a showing that the supervisor encouraged the specific misconduct or in some way directly participated in it).

Thus, even assuming for the sake of argument that plaintiff has otherwise set forth facts sufficient to state a claim, there are no allegations reasonably suggesting that defendant established policies or customs resulting in the violation of plaintiff's constitutional rights. <u>See Salehpour v. University of Tennessee</u>, 159 F.3d 199, 206 (1998)(liability must be based on more than right to control employees); <u>see</u> <u>also</u> <u>Leach v. Shelby County Sheriff</u>, 891 F.2d 1241, 1246 (6th Cir. 1989) (supervisory liability under § 1983 must be based on <u>active</u> unconstitutional behavior).

Accordingly, this action is dismissed under 28 U.S.C. § 1915A. Further, the court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in

good faith.

       IT IS SO ORDERED.


                                          s/Peter C. Economus - 3/16/06
                                          PETER C. ECONOMUS
                                          UNITED STATES DISTRICT JUDGE